IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LARRY BUTTRAM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:05-cv-1097-UWC** |
| **WAL-MART STORES, INC.** ) | |
| **ASSOCIATES' HEALTH AND** ) | |
| **WELFARE PLAN,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The sole issue in this case is whether the Defendant's interpretation of its welfare benefit plan so as to deny the Plaintiff's claim for benefits is arbitrary and capricious.[1] The undisputed facts establish a reasonable basis for denying the claim. Thus, the Defendant is entitled to judgment as a matter of law.

On March 3, 2003, Plaintiff Larry Buttram injured his back. As an "associate," *i.e.*, employee, of Wal-Mart Stores, he was covered under its Associates' Health and

---

[1] This action is brought pursuant to the employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

1

Welfare Plan ("the Plan"). Plaintiff's physician advised him that while surgery for the back injury was not indicated, an alternative, less invasive procedure known as the "caudual catheritization technique" was advisable.

Plaintiff underwent three of these procedures in 2003, all of which were paid for by the Plan. He underwent an additional three procedures in 2004; but Administrative Committee of the Plan denied coverage for the 2004 procedures.

At all material times in 2004, the Plan contained a provision entitled "Epidural Adhesiolysis Policy/Coverage:

> ***Catheter-based techniques for lysis of epidural adhesions, with or without endoscopic guidance, are considered investigational.*** Techniques used either alone or in combination include mechanical disruption with a catheter and/or injection of hypertonic solutions with steroids analgesics or hyaluronidase. ***Investigational services are a contract exclusion.***

Coverage Policy Manual, Def. Ex. 3 (emphasis added).

Clearly, the Plan excludes coverage for the caudual catheritization techniques which the Plaintiff received in 2004.

The Plan is self-funded, with an Administrative Committee as its administrator and fiduciary. The Plan grants to the Administrative Committee discretionary authority to resolve all disputes concerning its administration, interpretation, and

2

application.

By failing to controvert the Defendant's Motion for Summary Judgment, Plaintiff concedes that the foregoing facts are correct.

On these undisputed facts, the Defendant's Motion for Summary Judgment will be granted by separate order.

*[signature]*